| STATE V. MARTINEZ |

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**PATRICK MARTINEZ,**
**Defendant-Appellant.**

Docket No. A-1-CA-37693
COURT OF APPEALS OF NEW MEXICO
May 24, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Benjamin Chavez, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, John Bennett, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  JULIE J. VARGAS, Judge, MEGAN P. DUFFY, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**     Defendant appeals following his convictions for aggravated DWI and speeding. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** Defendant challenges the sufficiency of the evidence to support his conviction for aggravated DWI, specifically and exclusively focusing on the willfulness of his refusal to submit to breath-alcohol testing. [MIO 2-5] We limit the scope of discussion accordingly. *See generally State v. Dawson*, 1999-NMCA-072, ¶ 13, 127 N.M. 472, 983 P.2d 421 ("We limit ourselves to those elements that [the d]efendant claims to have been insufficiently proved.").

**{3}** In this case, it is undisputed that the officer requested that Defendant submit to breath-alcohol testing, [DS 2; MIO 2] and that Defendant repeatedly refused. [DS 2; MIO 2-3] However, in the course of those refusals, Defendant suggested that he would take a blood test. [DS 2; MIO 2-3] It is also undisputed that the officer told Defendant that the law required him to take the test of the officer's choosing, and explained that if he submitted to the breath test, Defendant could have an independent test thereafter. [MIO 2-3; RP 74, 82] Defendant was further advised of the consequences of his refusal to submit to breath-alcohol testing. [RP 74, 82-83] However, Defendant remained uncooperative and argumentative, and he was steadfast in his refusals. [RP 81-83] Based on this, Defendant's refusal to consent to breath-alcohol testing was deemed willful. [RP 100-102]

**{4}** In his memorandum in opposition Defendant contends that he cannot be said to have willfully refused to submit to testing because the arresting officer failed to explain with sufficient clarity that he would be entitled to arrange for an independent blood-alcohol test after he submitted to breath-alcohol testing. [MIO 2-5]

**{5}** Recently, in the case of *State v. Smith*, 2019-NMCA-027, 458 P.3d 613, this Court examined the nature and extent of the obligations imposed upon law enforcement officers in this context. We observed that the Implied Consent Act requires officers to advise motorists about their right to arrange for an independent chemical test, *id.* ¶ 7, but that right is triggered only if the motorist first submits to testing of the law enforcement officer's choosing. *Id.* ¶ 8. Where, as in this case, a motorist's "only request for a blood test was made as part of [his or] her refusal to take the officer-designated breath test[,]" the motorist cannot be said to have submitted to testing as required; and accordingly, the motorist's entitlement to independent blood testing becomes a non-issue. *Id.*

**{6}** We understand Defendant to argue that the advisory should be deemed defective because it failed to mention blood testing specifically, as opposed to independent chemical testing generally. [MIO 2-5] However, the "standardized" advisory, *id.* ¶ 2, which was repeatedly given in this case and which contains an explanation including advisement of the right to "an opportunity to arrange for . . . a chemical test in addition to any test performed at the direction of a law enforcement officer[,]" conforms to the statutory requirements. *Id.* ¶ 7 (internal quotation marks and citation omitted). Moreover, "[o]ur Supreme Court has rejected attempts to impose additional duties on law enforcement officers beyond the explicit mandates" of the statute, and "we are not at liberty to add obligations that the Legislature did not see fit to include in the statute." *Id.* ¶¶ 7, 9 (internal quotation marks and citation omitted). We

therefore reject Defendant's suggestion that the officer was required to elaborate or provide further clarification.

**{7}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{8}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**MEGAN P. DUFFY, Judge**